IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JODI FINNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-429-CV-W-NKL |
| ) | |
| H&R BLOCK FINANCIAL ADVISORS ) | |
| INC., et. al. ) | |
| ) | |
| and ) | |
| ) | |
| PATRICK A. LOOBY | |
| | |
| Defendants. | |

**ORDER**

Pending before the Court is H&R Block Financial Advisors, Inc. ("H&R Block"), and Patrick A. Looby's ("Looby") Motion to Dismiss and Compel Arbitration on Plaintiff Jodi Finnie's ("Finnie") claims for failure to promote, racial harassment and retaliation with an additional claim for retaliation under the Family and Medical Leave Act. Because Finnie and H&R Block entered a valid agreement to arbitrate contained in her employment application, H&R Block's Motion will be granted. Patrick A. Looby's Motion to Dismiss and Compel Arbitration will be denied.

**I.    FACTS AS ALLEGED BY PLAINTIFF**

1

On September 26, 2002, Finnie completed and signed a two-page Employment Application and Statutory Disqualification Disclosure & Certification Form ("Employment Application"). The Employment Application requested personal information about Finnie as well as educational and employment history. The second page of the Employment Application contained a paragraph providing that:

> I agree to arbitrate any dispute claim or controversy that may arise between the company and me, including any controversy arising out of my employment or termination of employment with the company, any claim of discrimination arising under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act or any other applicable federal or state law, or any other dispute that is required to be arbitrated under the rules, constitution, or bylaws of the NYSE and/or the NASD as may be amended from time to time. This arbitration shall be conducted pursuant to the respective rules and regulations of the NYSE and/or the NASD then in effect. Any award resulting therefrom may be entered as a judgment by any court of competent jurisdiction. (Def. Mot. Exhibit A.)

Finnie initialed a box located next to the paragraph. After six interviews occurring over six months, H&R Block extended Finnie a written and oral offer of employment which she accepted. Finnie claims that arbitration of disputes was not mentioned in either of these offers. (Affidavit of Jodie Finnie, 2.)

## II. DISCUSSION

### A. H&R Block

"The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, declares a 'liberal federal policy favoring arbitration agreements.'" *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). The FAA applies to arbitration agreements in employment contracts. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001). Accordingly, a "dispute must be submitted to arbitration if there is a valid agreement to

arbitrate and the dispute falls within the scope of that agreement." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d at 945. To determine if the agreement is valid, the Court looks at the contract law of the relevant state. *See Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001). A contract is enforceable under Missouri law if there is an offer, an acceptance and bargained for consideration. *Thacker v. Massman Construction Co.*, 247 S.W.2d 623, 629 (Mo. 1952).

The arbitration provision in the Employment Application is a valid and enforceable provision of the employment agreement. Finnie argues that the Employment Application does not constitute an offer and fails for lack of consideration because the arbitration clause does not specify the consideration exchanged. (Pl. Mot. at 2.) Finnie reads the terms of the contract too narrowly. During the application process, H&R Block agreed to consider Finnie for employment in exchange for her agreement to arbitrate disputes if she were hired. H&R Block then hired Finnie. Finnie has presented no evidence that the arbitration agreement reached during the application process was altered by the terms of her subsequent hiring contract with H&R Block. Therefore, her agreement to arbitrate in her application for employment is enforceable. There was an offer, acceptance and consideration. *See EEOC v. Waffle House, Inc.*, 193 F.3d 805 (4th Cir. 1999); *Valdes v. Swift Transp. Co., Inc.*, 292 F. Supp.2d 524, 530-32 (S.D.N.Y. 2003); *Adkins v. Labor Ready, Inc.*, 185 F. Supp.2d 628, 638-39 (S.D. W. Va. 2001); *Schoenfeld v. U.S. Resort Management, Inc.*, 2006 WL 2707345 (W.D. Mo. Sept. 19, 2006); *also see Dunn Industrial Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428

(Mo. banc. 2003) (ruling that a change order subsequent to an original contract with an arbitration clause did not rescind the original agreement to arbitrate).

Finnie argues that the Eighth Circuit's decision in *Patterson v. Tenet Healthcare, Inc.*, stands for the proposition that a unilateral distribution of an arbitration agreement to employees lacks acceptance and consideration necessary for a valid contract to form. 113 F.3d 832, 835 (8th Cir. 1997). In *Patterson*, the Eighth Circuit acknowledged that a unilateral distribution of an employee handbook *after* employment normally could not, without more than mere receipt, constitute an enforceable contract. *Id.* Here, Finnie accepted H&R Block's offer knowing that she had already agreed to arbitrate. *Patterson* is, therefore, distinguished.

Finnie next argues that acknowledgment is not consent and that the written employment offer does not include any arbitration provision. (Pl. Mot., 6.) This argument fails because the Employment Application requires Finnie to agree to resolve employment disputes by arbitration; it does not merely require her acknowledgment. *Valdes*, 292 F. Supp. 2d at 530 (holding that anticipatory arbitration agreements are routinely enforced to compel arbitration of employment discrimination claims).

Finnie also raises several defenses to enforceable contracts under Missouri law. First, Finnie argues that the arbitration clause is procedurally unconscionable. (Pl. Mot., 7.) (citing *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853 (Mo. banc. 2006)). The doctrine of unconscionability gives courts the power to invalidate contracts where one party faces an absence of meaningful choice and unfairly oppressive terms as a result of

4

high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process. *Whitney v. Alltel Communs., Inc.*, 173 S.W.3d 300, 308 (Mo. Ct. App. 2005). Finnie claims that the arbitration clause was "buried" in the Employment Application which was followed by six months of interviews, effectively concealing the agreement to arbitrate from the terms of H&R Block's offer. (Pl. Mot., 8.)

Finnie's allegations do not support a defense of unconscionability. First, on September 26, 2002, Finnie initialed the separate and distinct paragraph on the Employment Application stating that she agreed to arbitrate any disputes with H&R Block. Second, a valid defense of unconscionability requires both procedural and substantive unconscionability. *Whitney v. Alltel Communs., Inc.*, 173 S.W.3d 300, 308 (Mo. Ct. App. 2005). Even if Finnie shows that H&R Block's "concealment" of the arbitration clause constitutes procedural unconscionability, she has not shown how it burdens her with unfairly oppressive terms; it merely provides an alternative forum in which her claims must be resolved. *Swain v. Auto Servs.*, 128 S.W.3d 103, 108 (Mo. Ct. App. 2003) ("An agreement choosing arbitration over litigation, even between parties of unequal bargaining power, is not unconscionably unfair.") (citation omitted). There may be circumstances when a specific arbitration agreement is unconscionable, but Finnie has not shown that this agreement is substantively unconscionable.

Next, Finnie claims that the arbitration clause is a contract of adhesion. A contract of adhesion, as opposed to a negotiated contract, is a form contract that is created and imposed by the party with greater bargaining power. *Robin v. Blue Cross Hospital*

5

*Service, Inc.*, 637 S.W.2d 695, 697 (Mo. banc. 1982). The "stronger party" has more bargaining power than the "weaker party," often because the weaker party is unable to look elsewhere for more attractive contracts. *Id.* The contract is offered on a "take this or nothing" basis. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 857 (Mo. banc. 2006). The terms in the contract are imposed on the weaker party and "unexpectedly or unconscionably limit the obligations and liability of the [stronger party]." *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695, 697 (Mo. banc. 1982).

Finnie has offered no set of facts from which the Court can infer that this was a contract of adhesion. Finnie alleges that H&R Block designed their application process to "spring" upon weaker parties a limitation of H&R Block's liability; the terms of the arbitration clause "unconscionably limit the obligations" of H&R Block; and the arbitration must be conducted according to the rules of the NYSE and/or the NASD which presumptively limit H&R Block's liability. This minimal evidence was the extent of Finnie's proof that the contracts were contracts of adhesion and it is insufficient. Finnie was put on notice of the arbitration provision before she accepted employment, so the obligation was not unexpected. Finnie has presented no evidence that this was the only employment available to her and there is not even evidence that she tried to eliminate the arbitration provision before signing the application for employment. In addition, her conclusory statements that the NYSE and NASD arbitration rules presumptively limit H&R Block's liability are insufficient to support a finding that this was a contract of adhesion.

6

Finally, Finnie claims that the arbitration clause fails to set forth the necessary matters regarding arbitration. *Id.* As noted above, the arbitration must be conducted according to the rules of the NYSE and/or the NASD which specify "how arbitrators will be appointed, arbitrators' right to exercise authority, notification of their award, and payment of fees and expenses." (Pl. Mot., 8.) *See* NASD Code § 10000 et seq.

**B.     Patrick A. Looby**

The arbitration agreement is not enforceable as to Finnie's claims against Patrick A. Looby. To determine if an agreement to arbitrate is valid, the court looks at the contract law of the relevant state. *See Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001). Under Missouri law, an arbitration agreement cannot be enforced against a person who is not a party to the contract. *Finney v. Nat'l Healthcare Corp.*, 193 S.W.3d 393, 394 (Mo. Ct. App. 2006). Finnie and Looby are not parties to an arbitration agreement. The arbitration agreement between Finnie and H&R Block confines arbitration of disputes to those that arise "between the company and [Finnie]." (Def. Mot. Exhibit A). Moreover, Finnie has brought claims against Looby in his individual capacity, as authorized under the Missouri Human Rights Act and the Family Medical Leave Act. *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238 (Mo. Ct. App. 2006); *Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002).

Looby argues that arbitration can be compelled where the relationship between the signatory and nonsignatory is sufficiently close. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005). Looby further argues that a non-signatory agent is entitled to

arbitration when the principal was party to an arbitration agreement. *Sprague v. Household Int'l*, 473 F. Supp. 2d 966, 977 (W.D. Mo. 2005) (citing *Madden v. Ellspermann*, 813 S.W.2d 51, 53 (Mo. Ct. App. 1991)). However, under Missouri law, it is the principal that can be bound by the agent, not the other way around. *Netco Inc. v. Dunn*, 2006 Mo. LEXIS 72 (Mo. 2006) (overruling the rule announced in *Madden* that non-signatory agents are entitled to enforce arbitration agreements of their principals). Thus, without an agreement between Finnie and Looby to arbitrate their claims, Looby's Motion to Dismiss and Compel Arbitration fails.

Accordingly, it is hereby

ORDERED that H&R Block's Motion to Dismiss and Compel Arbitration [Doc. # 6] is GRANTED;

ORDERED that Patrick A. Looby's Motion to Dismiss and Compel Arbitration [Doc. # 6] is DENIED.

          s/ Nanette K. Laughrey
          NANETTE K. LAUGHREY
          United States District Judge

Dated: October 4, 2007
Jefferson City, Missouri